### FRANK ALLEN v. THE STATE.

No. 4912.   Decided June 26, 1918.

Rehearing granted June 26, 1918.

**Embezzlement—Insufficiency of the Evidence.**

Where defendant was convicted of embezzlement, but the evidence failed to show the fiduciary character of defendant, the conviction could not be sustained.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of embezzlement; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Tom Whipple,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted in four counts. Only two of them were submitted. Hence it is unnecessary to state those not submitted. In one submitted appellant was charged with theft as bailee of an automobile. In the other for the embezzlement of $150. He was convicted under the latter and assessed the lowest punishment. Most of the testimony as to the material facts were sharply contradicted, but the jury and the judge of the lower court believed the incriminating facts proven by the State and disbelieved the exculpatory evidence which might have been sufficient to authorize an acquittal, or a misdemeanor conviction.

Mrs. Annie Richardson, a married woman, whose husband was away, tried to buy from Mr. Taylor an automobile at the price of $350. She had only $150 in cash, and wanted to pay that and give a mortgage on the machine to secure the $200 in monthly payments of $25. She and Taylor consulted a lawyer, who advised against such a trade because Mrs. Richardson was a married woman and could not give a valid mortgage. Thereupon this proposed trade fell through. Mrs. Richardson then got in communication with appellant and she says he thereupon agreed to buy the car for her, she to furnish him $150 to make the cash payment and he to use that to pay the cash payment and give his notes and mortgage for the $200, payable $25 monthly payments. She swore, in substance, that as her agent and employe for that purpose she on that date drew out of the bank and handed to him $150 in cash and he agreed to buy the car for her and pay her $150 as a cash payment thereon. He denied this. He said that she did not turn him over $150 for that purpose, but that she handed him $90 only and that it was in substance then agreed between them that $65 of that money was in payment to him by her of that amount which, he claimed, she then owed him, and that he then so appropriated $65 of it himself. She swore that she did not owe him one cent and handed him the $150 for the purpose stated by her and for no other, and that he did buy the car for her and in substance delivered it to her and that it was her car. He swore that he did not buy the car for her, but bought it for himself and that it was his car and not hers at any time; that he never paid her money for it, nor delivered the car to her as hers. It was established as a fact that about ten days after appellant bought the car he sold it back to Mr. Taylor for $140 cash, and the surrender of his notes without Mrs. Richardson's knowledge or consent, kept the $140 and refused to pay her back her $150, or any part thereof. Each side introduced more or less testimony tending to support their respective contentions.

The jury evidently believed his contention to the extent that he did not pay her $150 on the car nor buy the car for her but bought it for himself, and it was his and not hers for the jury acquitted him of the

theft as bailee of the car. The jury as evidently believed her testimony and that supporting her that she turned over to him $150 as her agent and employe to buy said car for her and pay that much of her cash therefor for they convicted him of the embezzlement of said $150 or at least more than $50 of it. Among other things, she swore that he told her he lost the $150 she handed him in a crap game at Fort Worth. He denied this. Which was true was a question for the jury. From the State's testimony, which it seems somewhat preponderated, the evidence was sufficient to sustain the verdict. It being peculiarly a question to be solved by the jury, we can not disturb the verdict. The court gave a full and apt charge, submitting every issue raised by appellant in his favor, which was in no way objected to.

Under the circumstances we can not do otherwise than affirm the judgment, which is ordered.

*Affirmed.*

ON REHEARING.

June 26, 1918.

MORROW, JUDGE.—The evidence failing to sustain the conviction for embezzlement of money, the motion for rehearing should be granted.

Mrs. Annie Richardson negotiated with Mr. Taylor for the purchase of an automobile. The terms of sale, namely, $150 cash and $200 in notes payable in monthly installments of $25 each, secured by a mortgage on the property, were agreed upon. Taylor, after consulting his attorney, declined to make the sale and take the note of Mrs. Richardson because he was advised that she being a married woman could not legally secure him. Subsequently, in conversation with Mrs. Richardson appellant agreed to help her get the car and fix the notes.

She testified that pursuant to this agreement she drew from the bank $150, which she handed to appellant, who was standing near the door of the bank. Appellant at once bought the car from Taylor, paying $150 cash and executing his note for $200, payable in monthly installments of $25 each and secured by a mortgage on the car. The property was at once put under the control of Mrs. Richardson; she telephoned the garage and it was sent to her. She used it for some days, placed her number upon it and registered it in her name. Appellant and others taught her to drive it. He told her to be careful or she would not have it long—would tear it up. While it was in her possession he borrowed it from her for a specific purpose with the definite statement that he would return it to her at a certain hour the same day. He failed to return it but made use of his possession to sell it back to Mr. Taylor, cancelling the note and receiving $140 from him. Mrs. Richardson placed her claim against appellant in the hands of an attorney for the recovery of the car, and in the alternative to recover the money she had turned over to appellant with which to buy it. Appellant's testimony was to the effect that he did not buy the car for Mrs.

Richardson but on his own account. That at the time she claimed to give him $150 she gave him but $90, $65 of which she owed him and the remainder she left with him to prevent it being borrowed from her. He used such money as she did deliver to him in paying $150 on the car, supplementing it, he says, with other funds of his own.

Under the indictment and the charge of the court, the verdict of the jury and the conviction rested upon the proposition that appellant diverted the money delivered to him by Mrs. Richardson as her agent to his own use. To convict him the State assumed the burden of proving that Mrs. Richardson delivered him money for a specific purpose and that he diverted it therefrom and appropriated it to his own use. If there was no agency, there could be no embezzlement of the money. Whatever sum of money she placed in his possession, according to the undisputed evidence, was used in purchasing the automobile. This use of it was in accord with the instructions which the State claims that Mrs. Richardson gave to the appellant. If her money came into his possession by virtue of his employment as an agent or employe of Mrs. Richardson, the purpose of the agency or employment was the delivery of the money to Taylor in part payment for the automobile. From every viewpoint of the State Mrs. Richardson furnished the money to buy the automobile under an agreement in advance that it should become her property. In law it became her property, and in fact it was put under her control, in her possession and recognized by her and appellant as her property. Appellant borrowed it, coming in possession of it as a bailee, and under article 1348, P. C., may have been guilty of theft of the automobile. He is not shown by the record to have been guilty of embezzlement of the money.

It is the opinion of the writer that the motion for rehearing should be granted, the affirmance set aside, and the judgment of the lower court reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, dissenting.